## JUDGE OF PROBATE *v.* ELLIS & a.

A promise by an administrator to pay a claim against the estate does not bind either the estate or the sureties on his bond so as to take the case out of the limitation contained in Gen. Laws, c. 198, s. 5.

DEBT, on a probate bond, brought at the request of the New Hampshire Savings Bank. Facts found by the court. The writ

is dated July 15, 1884. The defendant Ellis was appointed administratrix of the estate of Joseph B. Ellis, March 27, 1878. The other defendants are sureties on her bond. The estate was not settled in the insolvent course. The note sought to be recovered by means of this suit was dated July 3, 1877, and signed by Joseph B. Ellis as surety for one John Ellis. The bank presented the note to the administratrix, who acknowledged it as a valid claim against the estate, and has since made a number of payments on it, the last being $109.73, October 15, 1884. The other defendants had no knowledge of those payments. They pleaded performance of the condition of the bond. The plaintiff replied, alleging non-payment of the above note as a breach, to which the defendants rejoined that the note was barred by Gen. Laws, *c.* 198, *s.* 5.

*S. C. Eastman*, for the plaintiff.

*Chase & Streeter*, for the defendants.

ALLEN, J. The bond was required and given to secure the administratrix's performance of her duty, and her duty was not in conflict with the three years statute of limitations, which was designed to secure the speedy settlement of estates. Her promise bound neither the estate nor her sureties. *Amoskeag Co.* v. *Barnes*, 48 N. H. 25; *Hall* v. *Woodman*, 49 N. H. 295, 304; *Brewster* v. *Brewster*, 52 N. H. 52, 60; *Clough* v. *McDaniel*, 58 N. H. 201, 202; *Robinson* v. *Hodge*, 117 Mass. 224, and cases cited. The observations in *Judge of Probate* v. *Couch*, 59 N. H. 506, and other cases upon which the plaintiff relies, relate not to a waiver of the statute by such a promise, but to a certain distinction between the solvent and the insolvent courses of settlement. While in the latter, the administrator is not authorized to pay claims not judicially established in the former, having sufficient funds to pay all the debts, he should admit those that are indisputable, and pay them without useless expense or delay, instead of forcing creditors through the idle ceremony of suit and judgment. The duty of rapidly and economically executing his trust by making such admission and payment promptly, is not a duty or a power of procrastinating by waiving the statute of limitations.

*Judgment for the defendants.*

BINGHAM, J., did not sit: the others concurred.